Filed 8/20/14  P. v. Byrd CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B254833 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA244467) |
| v. | |
| JAMES GARY BYRD, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant James Gary Byrd appeals from the order denying his petition for recall of sentence pursuant to Penal Code section 1170.126.[1]  Defendant is currently serving a sentence of 41 years to life, imposed in 2003.

We appointed counsel to represent defendant on this appeal.  After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment he had been unable to find any arguable issues.  On May 13, 2014, we advised defendant he had

---

[*]    BOREN, P.J., ASHMANN-GERST, J., FERNS, J.†

†    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]    All further references to statutes are to the Penal Code unless stated otherwise.

30 days within which to personally submit any contentions or issues he wished us to consider. No response had been received to date to that notice. Prior to receipt of counsel's "Opening Brief" and issuance of the May 13, 2014 notice, however, on April 16, 2014, this court received from defendant a document entitled "Petition for Review" and bearing the instant case number.

Section 1170.126 provides that defendants may file a petition for recall of sentence only when the felony that triggered their three strikes sentence (the current felony) was not defined as a violent or serious felony in section 667.5, subdivision (c) or section 1192.7, subdivision (c), respectively. (§ 1170.126, subd. (b).) As noted in our unpublished opinion in case No. B169811, defendant was convicted of voluntary manslaughter in violation of section 192, subdivision (a). This crime is included in the list of serious felonies contained in section 1192.7, subdivision (c) (§ 1192.7, subd. (c)(1)) and was included on the date defendant committed the current offense. (Stats. 2006, ch. 337, § 37.) Therefore, defendant was not eligible to file a petition for recall of sentence and resentencing under section 1170.126.

In his lengthy "Petition for Review," defendant presents several arguments that are not pertinent to the issue of the denial of his petition for recall of sentence. Within the document, which defendant sometimes refers to as a writ petition, defendant discusses a 1998 conviction for involuntary manslaughter, ineffective assistance of trial and appellate counsel, double jeopardy (apparently in relation to his strikes), a judge's "testimony," timeliness for filing a petition, unauthorized sentences, statutes that are void for vagueness, and clerical versus judicial error. All of these discussions appear to relate to proceedings prior to the order from which he currently appeals.

The document does contain one section that appears relevant to the instant petition for recall of sentence. Defendant argues that the sentence should be reversed and the matter remanded for resentencing because the People failed to carry the burden of proving defendant posed an unreasonable risk of danger to public safety under section 1170.126, subdivision (f). Defendant's argument fails because this section, which allows the court to exercise its discretion and make a determination of unreasonable risk,

2

applies only to those defendants who are otherwise eligible for resentencing under section 1170.126, subdivision (e).  The trial court correctly ruled that defendant was not eligible under section 1170.126, subdivision (e)(1) because the offense that triggered his three strikes sentence was a serious felony.

We have examined the entire record, and we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.